IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**ROBERT BLAKE,**

      **Plaintiff,**

v.                                                          Case No. 2:12-cv-00714

**SGT. ONE WORK ON DAYS SHIFT ON QI,
CO ANOTHEN, INMATE CLEANE, and
INMATE CREASE,**

      **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

On March 14, 2012, the plaintiff filed the instant Complaint. (ECF No. 1.) Because the plaintiff has, while incarcerated, filed at least three cases that have been found to be frivolous or malicious or to fail to state a claim upon which relief may be granted, the plaintiff is not permitted to proceed without prepayment of fees and costs, unless he can show that he is under imminent danger of serious physical injury. The plaintiff did not make such a showing in this case. Accordingly, on March 22, 2012, the plaintiff was ordered to pay the $350 filing fee in order to proceed with this civil action. (ECF No. 7.) On May 23, 2012, the $350 filing fee was received, and this matter is ready for initial screening, pursuant to 28 U.S.C. § 1915A and 1915(e)(2)(B).

### STANDARD OF REVIEW

Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that – * * * (B)the action or appeal – (i) is frivolous or malicious; (ii) fails

>to state a claim upon which relief may be granted or (iii) seeks monetary relief against a defendant who is immune from such relief.

Thus, notwithstanding the payment of the filing fee, the undersigned must conduct an initial screening of the Complaint and recommend dismissal of the same, if it meets the above criteria. Section 1915A requires the same initial screening of all complaints by prisoners who seek redress from a governmental entity, officer or employee. 28 U.S.C. § 1915A.

In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

>Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
>\* \* \*
>In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they

> must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

The plaintiff's Amended Complaint will be reviewed under these statutes and the *Twombly/Iqbal* standard.

## THE PLAINTIFF'S ALLEGATIONS AND REQUEST FOR RELIEF

The plaintiff's Complaint states [spelling corrected by the undersigned]:

> On Jan 28- 2012 I got the TV I ordered and the picture tube was messed up in it and they don't want to replace it.

(*Id.* at 4.) The plaintiff requests the following relief:

> All I would like for the court to do is either have them replace it or put the 175.99 dollars back on my spending account. See attached receipt.

(*Id.* at 5.)

## ANALYSIS

There are numerous problems with the plaintiff's Complaint. The plaintiff has failed to specifically identify a constitutional basis for his claim(s). Furthermore, the plaintiff has failed to specify any conduct of the particular defendants named in his complaint that he believes resulted in a violation of his constitutional rights. This federal court has limited jurisdiction over the types of claims it may adjudicate, and the Federal Rules of Civil Procedure require the plaintiff to plead the basis of jurisdiction and facts sufficient to place a defendant on notice of the claim(s) against him or her.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

However, to avoid dismissal for failure to state a claim, a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.*

To impose liability against a defendant under section 1983, a claim must be brought against a person acting under color of state law (a "state actor") and there must be an actual connection or link between the defendant's conduct and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Department of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Viewing the factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." The plaintiff must allege, with at least some degree of particularity, overt acts which each defendant engaged in that support his claims. Because the plaintiff has failed to comply with these requirements, his Complaint is subject to dismissal under *Twombly* and *Iqbal*.

If the plaintiff is alleging that there was a problem with the television set as it was manufactured, this may implicate a warranty or product liability issue, which is a state law claim. Accordingly, the plaintiff must seek such relief, if at all, against the manufacturer of the television set (who is not named as a defendant herein) in a state court.

It appears that the plaintiff has named two correctional officers and two inmates as defendants in this civil action. To the extent that the plaintiff is alleging that the two

correctional officers and/or the two inmates were somehow involved in damaging the plaintiff's television set, or somehow involved in the alleged refusal to replace the television set or to refund the plaintiff's payment for the television set, such claims fail to state a claim upon which relief can be granted. If the plaintiff is alleging that either the inmates or the correctional officers negligently damaged the plaintiff's television set, that is a state law claim that is also not cognizable in this federal court. The inmates are not state actors and, thus, are not suable under section 1983. Furthermore, the plaintiff has no federal constitutional right to possess a television set. Thus, he cannot state a federal claim against any of the defendants.

Therefore, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint fails to state a claim upon which relief may be granted, and should be dismissed pursuant to sections 1915(e)(2)(B) and 1915A, and the decisions in *Twombly* and *Iqbal*.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this civil action from the docket of the court, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, for failure to state a claim upon which relief may be granted.

The plaintiff is notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the

Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendations and to mail a copy of the same to the plaintiff.

June 7, 2012

Mary E. Stanley
United States Magistrate Judge