IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ROBERT BLAKE,

          Plaintiff,

v.                                     CIVIL ACTION NO.   2:12-cv-00714

SGT. ONE WORK ON DAY'S SHIFT, et al.,

          Defendants.


**MEMORANDUM OPINION AND ORDER**

On March 14, 2012, Plaintiff Robert Blake, acting *pro se*, filed a complaint stating "I got the TV I ordered and the picture tube was messed up in it and now they don't want to replace it." (Docket 1 at 4.)  Plaintiff requests that the Court "have them repair it or put the 175.99 dollars back on my spending account." (*Id.*)  On March 15, 2012,  this Court referred this civil action to United States Magistrate Judge Mary E. Stanley for submission of proposed findings of fact and a recommendation ("PF&R") pursuant to 28 U.S.C. § 636(b)(1)(b) [Docket 2].  On June 7, 2012, Magistrate Judge Stanley issued a PF&R recommending the dismissal of Plaintiff's complaint with prejudice for failing to state a claim upon which relief may be granted [Docket 16].  More specifically, Magistrate Judge Stanley explained:

> Viewing the factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." The plaintiff must allege, with at least some degree of particularity, overt acts which each defendant engaged in that support his claims.

1

> Because the plaintiff has failed to comply with these requirements, his Complaint is subject to dismissal under *Twombly* and *Iqbal*. [Referring to the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).]
>
> If the plaintiff is alleging that there was a problem with the television set as it was manufactured, this may implicate a warranty or product liability issue, which is a state law claim. Accordingly, the plaintiff must seek such relief, if at all, against the manufacturer of the television set (who is not named as a defendant herein) in a state court.
>
> It appears that the plaintiff has named two correctional officers and two inmates as defendants in this civil action. To the extent that the plaintiff is alleging that the two correctional officers and/or the two inmates were somehow involved in damaging the plaintiff's television set, or somehow involved in the alleged refusal to replace the television set or to refund plaintiff's payment for the television set, such claims fail to state a claim upon which relief can be granted. If the plaintiff is alleging that either the inmates or the correctional officers negligently damaged the plaintiff's television set, that is a state law claim that is also not cognizable in this federal court. The inmates are not state actors and, thus, are not suable under section 1983. Furthermore, plaintiff has no federal constitutional right to possess a television set. Thus, he cannot state a federal claim against any of the defendants.

(Docket 16 at 4-5.)

The Court is not required to conduct a *de novo* review of the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and Plaintiff's right to appeal this Court's Order. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Stanley's PF&R were due on


June 25, 2012, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). To date, no objections have been filed.

Accordingly, the Court hereby **ADOPTS** the PF&R [Docket 16]; **DISMISSES** Plaintiff's complaint [Docket 1]; and **DIRECTS** the Clerk to remove this action from the Court's active docket.

The Clerk is further directed to provide a copy of this Order to all counsel of record, the plaintiff, *pro se*, and Magistrate Judge Stanley.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

    ENTER:    November 1, 2012

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE